**Opinion issued June 28, 2012**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-11-00376-CR

————————————

**GILBERTO CARDENAS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 338th District Court**
**Harris County, Texas**
**Trial Court Case No. 1277185**

---

## MEMORANDUM OPINION

Gilberto Cardenas was charged with aggravated assault, a second degree

felony.[1]   Because there was conflicting evidence as to whether he had a gun, Cardenas asked the trial court to instruct the jury on the alleged lesser-included offense of assault committed by bodily injury, a Class A misdemeanor.[2]

The trial court denied the request because the elements of an assault committed by *bodily injury* are not contained within the elements of the offense of aggravated assault committed by *threat* of imminent bodily injury and use or exhibition of a deadly weapon.   The trial court suggested that a proper lesser-included offense would be assault, committed by threatening the victim with imminent bodily injury, a Class C misdemeanor.[3]   Cardenas, however, never requested that the jury be instructed on the lesser-included offence of assault committed by threat of bodily injury.

Notwithstanding the fact that Cardenas neither describes in his appellate brief the specific means of commission of assault he requested be submitted at trial (assault committed by bodily injury), nor mentions that the trial court suggested— and he declined to request—the lesser-included offense of assault committed by

---

[1]   *See* TEX. PENAL CODE ANN. §§ 22.01(a)(2), .02(a)(2), (b) (West 2011) (committed by intentionally and knowingly threatening the victim with imminent bodily injury and by using or exhibiting a deadly weapon).

[2]   *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b) (West 2011) (assault committed by intentionally, knowingly, or recklessly causing victim bodily injury).

[3]   *See* TEX. PENAL CODE ANN. § 22.01(a)(2), (c) (West 2011).

threat of imminent bodily injury, Cardenas argues that the trial court erred in refusing to instruct the jury on the lesser-included offense of assault.[4] We affirm.

Cardenas obliquely suggests in his appellate brief that the trial court had the affirmative duty to sua sponte submit an assault charge, citing *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1984 & 1985). This use of *Almanza* was explicitly rejected by the Court of Criminal Appeals in *Tolbert v. State*, 306 S.W.3d 776, 781 (Tex. Crim. App. 2010) (trial court had no duty to sua sponte instruct jury on lesser-included offense).

We therefore review the lesser offense that Cardenas did preserve at trial—assault by bodily injury. We begin with the statutory definition:

> An offense is a lesser included offense if:
>     (1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;
>     (2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;
>     (3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or
>     (4) it consists of an attempt to commit the offense charged or an otherwise included offense.

TEX. CODE CRIM. PROC. ANN. art. 37.09 (West 2006). Under the first subpart, which applies to this appeal, the Court of Criminal Appeals has established a two-step analysis: (1) whether an offense is a lesser-included offense of the alleged

---

[4]     The trial court's judgment contains a clerical error in the case number, which is designated in the judgment as "127718501010." The correct case number is "1277185."

offense and (2) whether there is some evidence adduced at trial to support an instruction on the lesser-included offense. *Hall v. State*, 225 S.W.3d 524, 535 (Tex. Crim. App. 2007).

As a matter of law, wholly independent of the evidence introduced at trial, we conduct the first step by comparing the elements of the offense as alleged in the indictment with the elements of the potential lesser-included offense. *Id.* at 535– 36. Cardenas's indictment alleged aggravated assault, committed by intentionally and knowingly threatening the victim with imminent bodily injury and by using or exhibiting a deadly weapon. *See* TEX. PENAL CODE ANN. §§ 22.01(a)(2), .02(a)(2), (b) (West 2011). Cardenas requested inclusion in the charge for submission to the jury of an alleged lesser-included offense of assault committed by intentionally, knowingly, or recklessly causing the victim bodily injury. *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b) (West 2011). Here, among the facts required to prove the lesser offense include is one that is *not* the same, or less than, that required to establish the offense charged: causing bodily injury. Cardenas's requested offense of assault committed by bodily injury is therefore not a lesser-included offense of aggravated assault as alleged in the indictment, and we do not reach the second step of analyzing the evidence adduced at trial.

We overrule Cardenas's sole issue. Because there is clerical error in the trial court's judgment, we modify the case number from "127718501010" to "1277185." As so modified, we affirm the trial court's judgment. *See* TEX. R. APP. P. 43.2(b).

Jim Sharp
Justice

Panel consists of Justices Higley, Sharp, and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).